MIGUEL EUGENIO BETANCES ET AL., Petitioners and Appellants, v. INSULAR BOARD OF ELECTIONS, Respondent and Appellee.

No. 4965.    Argued December 3, 1929.—Decided June 6, 1930.

*Bolívar Pagán* for appellants.    *James R. Beverley, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellants brought the certiorari proceeding herein against the Insular Board of Elections and substantially al-

leged that one of them was candidate for mayor of the Municipality of Orocovis, Puerto Rico, and the others for members of the municipal assembly of said municipality in the general election held on November 6, 1928; that in the said municipality six polling places, the respective numbers of which are stated, were not open to the voters at the said election, the officials and inspectors assigned to them having failed to appear; that the total number of voters registered in said polling places and ready to cast their ballots was 822; that the Insular Board of Elections declared elected the candidates of another party by a majority of 60 votes, according to the local and general canvass of the other polling places in that municipality; and that the announced result of the election is erroneous, since the 822 voters registered in said polling places failed to cast their ballots, through no fault of their own, and that number of ballots is sufficient to change the result of the election, as the candidates of the opposing party received only a majority of 60 votes on the returns from the other polling places. Based on the above allegations, they applied to the district court for a writ of certiorari to review the action of the respondent board in making the canvass of the returns from the Municipality of Orocovis and they prayed that, if the court should be unable to decide which candidates were elected, it order a new election in the said six polling places or in all of the polling places of said municipality.

The Insular Board of Elections demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action and, upon the demurrer having been sustained by the court, the petitioners took the present appeal.

The Act of 1906 regarding election contests, provided that the validity of an election by popular vote for an office other than that of members of the Legislature or Resident Commissioner to the United States, might be contested by the defeated party; and section 9 thereof empowered the court trying any such contest to adjudge the election void and direct the proper

officers to order another election when it should appear that the officers or managers of the election had denied the privilege of voting to such a number of legal electors as, had they been allowed to vote, would have materially changed the result of the election. That act was expressly declared to be in force by another, approved in 1919, and section 93 of which provides that: "Should a contest arise between two or more candidates for any office or offices, and the courts should be unable to decide which candidate or candidates are elected, they shall order a new election, and then the Insular Board of Elections shall order such election to be held under such rules and restrictions as it may prescribe." The said act of 1906 was expressly repealed by another in 1923; and a later statute, enacted in 1924, provides by its section 89 that the Insular Board of Elections shall canvass the returns of an election by using such poll lists and tally sheets used at such election as may be sent to the General Supervisor of Elections by local election boards. In one of the last provisos in said section 89 it is prescribed "That the result of the canvass of an election as declared by the Insular Board of Elections and published by the General Supervisor of Elections shall be final, unless the same shall be contested by a certiorari or other authorized legal proceeding, filed within fifteen days from the date of the publication of the result of such canvass, in a court of competent jurisdiction, and a certiorari proceeding in the District Court of San Juan is hereby authorized in such cases."

No wrongful act on the part of the Insular Board of Elections is alleged in the petition in certiorari filed against that Board by the appellants herein. What is sought by the petition is not that some erroneous action of the Board be corrected, but that, because of the failure on the part of the voters registered in certain polling places to cast their ballots, a new election be ordered, to be held in such polling places or in all of the polling places of the Municipality of Orocovis, the petitioners basing their contention on section

93 of the act of 1919. It was provided in that section that if a contest arose between two or more candidates for any office and the courts ordered a new election, the Insular Board of Elections should thereupon order that the same be held under such regulations as it might prescribe. This provision was a consequence of the act of 1906, which authorized the courts to order a new election, and was of a procedural character as to how the Board should proceed in case a new election was ordered. According to its wording, it clearly referred to cases of contests between several candidates, and lost all force and effect upon the repeal of the act, which allowed such contests and authorized the courts to order a new election. In its stead, there was substituted the remedy by certiorari against the decisions of the said board. We must conclude, therefore, that the petition in certiorari filed by the appellants does not state facts sufficient to constitute a cause of action against the Insular Board of Elections.

The judgment appealed from must be affirmed.